U.S. DISTRICT COU[RT]
GREENEVILLE T[N]
2010 JUN -3 P 2: 0[?]

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ROY DON BUNCH<br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF INTERNAL<br>REVENUE SERVICE,<br><br>    Defendant. | Civil Action No. 2:10-CV-122<br><br>Greer / Inman |

## COMPLAINT

This is a civil action for the refund of taxes and the Plaintiff, Roy Don Bunch, would respectfully show unto this Court as follows:

### JURISDICTION AND VENUE

1. This action is an appeal from a determination by the Internal Revenue Service on January 25, 2010 denying Plaintiff's claim for refund.

2. The Court has subject matter jurisdiction under federal statute, 28 U.S.C. § 1346(a)(1), as this action involves a taxpayer's dispute over the application of 26 U.S.C. § 6672.

3. Venue is proper because the Plaintiff is a citizen who resides in this District.

### PROCEDURAL BACKGROUND

4. This action follows a lengthy administrative proceeding between Plaintiff and the Internal Revenue Service ("IRS"). In order to provide context for the present dispute, Plaintiff believes that a summary of the proceedings is necessary.

1

5.   On or about March 13, 2008, Judy Thompson, a Revenue Officer with the IRS, sent a letter to Plaintiff informing him that the IRS was assessing a trust fund recovery penalty against Plaintiff under the provisions of 26 U.S.C. § 6672.

6.   In the March 13, 2008 letter, the IRS stated that Plaintiff was required to collect, account for, and pay over withheld employment taxes for Perceptions, Inc. ("the Corporation"). As a result, the IRS asserted that Plaintiff was individually liable for the trust portion of the Corporation's employment taxes for the second and fourth quarters of 2006 and all four quarters of 2007.

7.   The total penalty assessed to Plaintiff was $197,859.26 as follows:

| Quarter | Amount |
| --- | --- |
| 06/30/2006 | $ 1,931.92 |
| 12/31/2006 | 31,414.86 |
| 03/31/2007 | 38,784.59 |
| 06/30/2007 | 71,264.76 |
| 09/30/2007 | 48,907.05 |
| 12/31/2007 | 1,648.72 |

8.   On April 10, 2008, Plaintiff's attorney asked Ms. Thompson to provide the factual basis for the IRS's determination that Plaintiff was a responsible person.

9.   On April 21, 2008, Ms. Thompson sent Plaintiff a copy of Form 4180 Report of Interview with Individual Relative to Trust Fund Recovery Penalty or Personal Liability of Excise Taxes. The form, however, did not explain the basis for the IRS's determination.

10.   On or about April 25, 2008, Plaintiff filed an appeal to the local appeals office challenging the IRS's determination that Plaintiff was responsible under 26 U.S.C. § 6672 for the unpaid taxes of the Corporation. Plaintiff also requested a sit-down conference to discuss the matter with the IRS.

2

11. On January 8, 2009, Plaintiff received a letter from Suzanne Magee, a Settlement Officer in the Appeals Office of the IRS, asking Plaintiff to provide sworn statements of fact and to provide the IRS with a copy of the contract between Perceptions, Inc. and the State of Tennessee for funding of net payroll.

12. Plaintiff provided the IRS with an affidavit, bank statements, copies of checks, and other documents showing that he was not responsible for payment of the employment taxes of the Corporation. The IRS, however, did not provide any explanation for its determination that Plaintiff was a "responsible person" under 26 U.S.C. § 6672 for the second and fourth quarters of 2006 and all four quarters of 2007. Furthermore, the Appeals Office denied, without explanation, Plaintiff's request for a sit-down conference.

13. On September 28, 2009, Plaintiff received notification from the IRS informing him of penalties assessed for failure to pay the trust portion of the employment taxes of the Corporation for the second and fourth quarters of 2006 and all four quarters of 2007. This notification did not include a factual or legal basis for the IRS's determination.

14. Upon receipt of the notices of assessment, Plaintiff contacted the Appeals Office for an explanation. The Appeals Office claimed that a letter denying Plaintiff's appeal had been mailed to him on May 27, 2009. Neither Plaintiff nor Plaintiff's counsel received such denial. Plaintiff first received a copy of the May 27th denial on October 22, 2009. The IRS's denial letter did not offer an explanation for the decision.

15. On October 27, 2009, Plaintiff filed a Form 843, Claim for Refund and Request for Abatement of the Trust Fund Recovery Penalty for the second and fourth quarters of 2006 and all four quarters of 2007. Plaintiff attached an assumption of the facts, a memorandum and

documentation explaining and supporting the grounds for his Claims for Refund.

16. Plaintiff was informed by the Internal Revenue Service that his claim would be opened for review on January 10, 2010.

17. Only two weeks later, on January 25, 2010, Plaintiff received the Denial of Claim for Refund from the IRS. The denial did not contain an explanation of the IRS's decision. The IRS's denial of Plaintiff's claim for refund is attached as Exhibit A.

18. On February 9, 2010, Plaintiff made a payment to the IRS in the amount of $193,951.90 to satisfy the trust fund recovery penalties for the second and fourth quarters of 2006 and all four quarters of 2007.

## FACTUAL BACKGROUND

19. Because the IRS has not explained why it considers Plaintiff a responsible person, the following recitation of facts is based, by necessity, on assumptions about the IRS's factual position.

20. There are delinquent trust portions of employment taxes due the IRS from Perceptions, Inc. for the second and fourth quarters of 2006 and all four quarters of 2007.

| Quarter | Amount |
| --- | --- |
| 06/30/2006 | $ 1,931.92 |
| 12/31/2006 | 31,414.86 |
| 03/31/2007 | 38,784.59 |
| 06/30/2007 | 71,264.76 |
| 09/30/2007 | 48,907.05 |
| 12/31/2007 | 1,648.72 |

21. Perceptions, Inc. was organized in January 2005. The Corporation is a non-profit agency which was providing supportive living services, including transportation, nutrition and care

4

for developmentally disabled clients.

22. Plaintiff was Chairman of the Board of Directors of the Corporation, which also consisted of Mitzi Sweet, Tracy Stroud and Michael Fagan. Leon Shoemaker was the Executive Director and Bruce Ingle was the Operating Manager.

23. The sole source of the Corporation's revenue was the Tennessee Department of Mental Retardation Services ("DMRS").

24. The Corporation's employees were paid on a period running from the first to the fifteenth and from the sixteenth through the end of the month. The employees were paid semi-monthly on the fifth and twenty-second of the month.

25. The Corporation billed the State of Tennessee at the end of each month for services provided to its clients. The State took several weeks to process the billing.

26. In the winter of 2007, the Corporation began experiencing economic difficulties.

27. Plaintiff became aware in February 2007 that the Corporation's employment taxes were not being paid. At that time, Plaintiff was vacationing in the State of Florida; he did not return to Tennessee until April 2007.

28. On or about May 2007, the State of Tennessee withheld payment of funds due to the Corporation because of alleged improprieties in its operations. The Corporation made efforts to resolve the issue, but in July 2007, the State of Tennessee froze payment of any further fees.

29. On or about July 1, 2007, the Corporation began to wind down its operations to allow its patients to find different sources of treatment. During this wind down period, Plaintiff controlled the financial operations of the Corporation. In this role, Plaintiff began signing checks for the Corporation on June 22, 2007 and he continued to sign checks thereafter. The only checks signed

by Plaintiff were payroll checks.

30. When the State of Tennessee froze funds due the Corporation in July 2007, the Corporation did not have sufficient funds to pay its employees. Several employees complained to the Department of Labor. As a result of the Department of Labor's investigation, the State of Tennessee agreed to release sufficient funds to meet the payroll due the employees.

31. From July 1, 2007 to December 31, 2007, the Corporation's bank accounts only contained funds for payroll due employees and funds belonging to a separate corporation. During this period, the Corporation did not have funds from which Plaintiff could pay any of the Corporation's employment taxes.

## CLAIMS FOR RELIEF

32. Plaintiff repeats and realledges each and every allegation contained in Paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Plaintiff is not responsible for the payment of employment taxes of the Corporation for the second and fourth quarters of 2006 and all four quarters of 2007.

34. Plaintiff is not responsible for second and fourth quarters of 2006 and first and second quarters of 2007 because Plaintiff did not have knowledge of delinquent taxes for the first and second quarters 2006 and the first quarter of 2007; he was in Florida until April 2007 and he did not assume control of the Corporation until the end of the second quarter of 2007.

    a. As indicated in the IRS's interview with Plaintiff (Form 4180), Plaintiff was not aware of the Corporation's delinquent employment taxes until February 2007.

    b. During the winter of 2007, Plaintiff resided in Florida and was not involved in the financial operations of the Corporation.

6

Case 2:10-cv-00122   Document 1   Filed 06/03/10   Page 6 of 9

  c. Plaintiff did not return from Florida to Tennessee until April 2007.

  d. Plaintiff did not begin signing checks for the Corporation until June 22, 2007.

35. Plaintiff is not responsible for the Corporation's employment taxes for the third and fourth quarters of 2007.

  a. Plaintiff provided the IRS with the Corporation's bank statements, which demonstrate that the Corporation did not have funds to pay current employment taxes for the third and fourth quarters of 2007.

  b. During the third and fourth quarters of 2007, the State of Tennessee–i.e., the Corporation's sole source of revenue–only provided funds necessary to pay the Corporation's employees.

36. On or about February 9, 2010, Plaintiff made a payment to the IRS in the amount of One Hundred Ninety-Three Thousand Nine Hundred Fifty-One Dollars and Ninety Cents ($193,951.90) to satisfy the trust fund recovery penalties for the second and fourth quarters of 2006 and all four quarters of 2007.

37. Because Plaintiff was not a "responsible person" under 26 U.S.C. § 6672 for the second and fourth quarters of 2006 and the four quarters of 2007, Plaintiff is entitled to a refund of taxes paid in the amount of One Hundred Ninety-Three Thousand Nine Hundred Fifty-One Dollars and Ninety Cents ($193,951.90) and any other taxes paid for these quarters, plus any interest which has accrued.

38. Plaintiff is entitled to immediate relief in this matter because the Internal Revenue Service has not offered a factual or legal explanation for the imposition of penalties under 25 U.S.C. § 6672.

## ATTORNEYS FEES AND EXPENSES

39. Plaintiff repeats and realledges each and every allegation contained in Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. Plaintiff is entitled to recover attorneys fees and expenses under 26 U.S.C. § 7430 for expenses incurred during the administrative proceedings with the IRS and during this litigation.

41. The IRS's failure to provide an explanation of its factual determination and legal position resulted in a protracted and unnecessary appeal with the IRS.

42. In effect, the IRS forced Plaintiff to make assumptions of the facts and the IRS's legal position in order to formulate a response.

43. Plaintiff was required to spend a significant amount of time preparing documents and an analysis of bank statements for the IRS. The IRS did not provide Plaintiff with any response to Plaintiff's Power of Attorney nor any information supporting its position.

44. As a result of the IRS's complete lack of cooperation, Plaintiff incurred substantial expenses pursuing a wasteful and time-consuming appeal with the IRS.

45. The inadequate appellate proceedings with the IRS have forced Plaintiff to initiate the present action in this Court.

16. The IRS is not, and cannot be, substantially justified in its position because it has not provided any rationale for rejecting Plaintiff's claim for refund.

47. Plaintiff is therefore entitled to recover attorney's fees and expenses incurred during the administrative proceedings with the IRS and attorney's fees and expenses which result from this litigation.

8

## DEMAND FOR JUDGMENT

WHEREFORE, based on the foregoing, Plaintiff Roy Bunch demands judgment against Defendant as follows:

1. Plaintiff requests entry of judgment against Defendant for the refund of taxes paid pursuant to 26 U.S.C. § 6672 in the amount of One Hundred Ninety-Three Thousand Nine Hundred Fifty-One Dollars and Ninety Cents ($193,951.90) and any other taxes paid, plus interest thereon.

2. Plaintiff requests that attorney's fees and expenses be awarded pursuant to 26 U.S.C. § 7430 for fees incurred during the administrative proceedings with the IRS and during this litigation.

3. Plaintiff requests that all court costs in this matter be taxed to the Defendant.

4. Plaintiff further prays for such other, further and general relief to which he may be entitled.

Respectfully submitted this 28 day of May, 2010.

Respectfully submitted,

Maurice W. Gerard, Esquire, BPR# 006975
Douglas L. Rose, BPR# 026563

STONE & HINDS, P.C.
507 Gay Street, S.W., Suite 700
Knoxville, Tennessee 37902
(865) 546-6321 / (865) 546-0422 (facsimile)
gerard@s-hlaw.com

9